FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Aug 19, 2025**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FERNANDO Z.,[1] <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No. 1:24-CV-03118-MKD <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION <br><br> **ECF Nos. 8, 12** |

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. See LCivR 5.2(c).

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for Martin O'Malley as the defendant in this suit. No further action need be taken to continue this suit. See 42 U.S.C. § 405(g).

ORDER - 1

1     Before the Court are the parties' briefs.  ECF Nos. 8, 12.  D. James Tree

2  represents Plaintiff; Special Assistant United States Attorney Michael Mullen

3  represents Defendant.  The Court, having reviewed the administrative record and

4  the parties' briefing, is fully informed.  For the reasons discussed below, the Court

5  affirms the Commissioner's decision.

## JURISDICTION

7     Plaintiff filed applications for benefits on January 4, 2022, alleging disability

8  beginning July 27, 2021.  Tr. 180-86, 203-208.  The applications were denied

9  initially and upon reconsideration.  Tr. 58-59, 78-79.  An Administrative Law

10  Judge (ALJ) held a hearing on January 18, 2024, Tr. 42-57, and issued an

11  unfavorable decision on February 12, 2024.  Tr. 20-39.  The Appeals Council

12  denied review on June 14, 2024.  Tr. 1-6.  Plaintiff appealed this final decision of

13  the Commissioner on July 31, 2024.  ECF No. 1.  The Court has jurisdiction over

14  this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

16     A district court's review of a final decision of the Commissioner of Social

17  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

18  limited; the Commissioner's decision will be disturbed "only if it is not supported

19  by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

20  1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

ORDER - 2

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER - 3

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the

ORDER - 4

claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

ORDER - 5

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is

ORDER - 6

capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since July 27, 2021, the alleged onset date. Tr. 25. At step two, the ALJ found that Plaintiff had the following severe impairments: schizophrenia; substance addiction disorder; depressive disorder; anxiety disorder; and attention deficit hyperactivity disorder. Tr. 25.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 26-27. The ALJ then concluded that Plaintiff had the RFC to perform a full range of work with the following non-exertional limitations: "superficial and occasional [contact] with the general public; can work in same room with coworkers but not in coordination with them; can interact occasionally with supervisors; can adapt to simple occasional workplace changes." Tr. 27.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 32. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff

ORDER - 7

could perform, such as small parts assembler, housekeeping cleaner, and cleaner II. Tr. 33-34. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of July 27, 2021, through the date of the decision. Tr. 34.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence; and

2. Whether the ALJ properly evaluated Plaintiff's symptom claims.

ECF No. 8 at 2.

## DISCUSSION

**A. Medical Opinion Evidence**

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . ." *Revisions to Rules*, 2017

ORDER - 8

WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements").  20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).  Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more

ORDER - 9

persuasive the medical opinions or prior administrative medical finding(s) will be.

*Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit addressed the issue of whether the changes to the regulations displace the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id*. The Court reasoned the "relationship

ORDER - 10

factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 792. However, the ALJ is not required to make specific findings regarding the relationship factors. *Id.* Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id.*

Plaintiff argues the ALJ misevaluated the October 2021 opinion of Dr. Genthe. ECF No. 8 at 14-20. As relevant here, the ALJ found Dr. Genthe's opined "mild to moderate" limitations persuasive but found the opined "marked limitations" unpersuasive. Tr. 31. Specifically, the ALJ rejected Dr. Genthe's opined limitations concerning Plaintiff's ability to understand, remember, and persist in tasks by following detailed instructions; adapt to changes in a routine work setting; communicate and perform effectively in a work setting; maintain appropriate behavior in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms; and set realistic goals and plan independently. Tr. 31; *see* Tr. 801.

ORDER - 11

Among other reasons, the ALJ discounted Dr. Genthe's opined marked limitations as "out of proportion to the relatively unremarkable/benign objective signs on mental status examinations (*i.e.*, appearance, speech, attitude, attention, thought process, thought content, perception, memory, abstract thinking)." Tr. 31. As detailed in the ALJ's decision, *see* Tr. 31, substantial evidence—including treatment notes authored around the time of Dr. Genthe's assessment—supports this ground. *See, e.g.*, Tr. 830 (September 15, 2021, treatment note indicating, among other things, attention span and concentration within normal limits); Tr. 847 (September 28, 2021, treatment note indicating same); Tr. 869 (October 12, 2021, treatment note indicating "good concentration and attention span"); Tr. 889 (October 19, 2021, treatment note indicating same); Tr. 934 (November 23, 2021, treatment note indicating same); Tr. 1139 (March 29, 2022, treatment note indicating "good concentration and attention span" and "[t]houghts appear to be organized and [within normal limits]"). Further, the ALJ reasonably found that, because Dr. Genthe examined Plaintiff only once, the doctor "was unaware of the unaware of the longitudinal picture of [Plaintiff's] psychological impairments." Tr. 31; *see* C.F.R. § 404.1520c(c)(3) (stating that the length, purpose, and extent of a medical source's relationship with the claimant "may help demonstrate whether the medical source has a longitudinal understanding" and appropriate "level of knowledge" about the claimant's impairments). The ALJ accordingly did not err

ORDER - 12

by discounting Dr. Genthe's opined marked limitations.  Because the ALJ reasonably discounted the doctor's opinion on these grounds, the Court need not address the balance of the ALJ's stated reasons for discounting the opinion.  Any inclusion of erroneous reasons was inconsequential and therefore harmless.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

### B. Plaintiff's Testimony

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims.  ECF No. 8 at 4-14.  An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).  "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

ORDER - 13

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c).  The ALJ is instructed to "consider all of the evidence in an

ORDER - 14

individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence.  Tr. 27.

The ALJ offered numerous reasons to discount Plaintiff's testimony, at least two of which the Court finds well supported.  First, the ALJ discounted Plaintiff's testimony as inconsistent with Plaintiff's improvement with treatment.  Tr. 28-29.  "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."  *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (citing 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1)).  Substantial evidence supports this ground.  *See, e.g.*, Tr. 1033 (April 8, 2022, treatment note indicating "[d]oing well on current regimen of medications"); Tr. 1148 (April 4, 2022, treatment note indicating Plaintiff "states he is taking all medications as prescribed and does not have any concerns at this time.  He says the medications are working and does not feel any changes need to be made."); Tr. 1171 (May 2, 2022, treatment note indicating Plaintiff "appears to be doing very well.  He reports taking his medications as prescribed and was alert, oriented and goal directed."); Tr. 1186 (May 16, 2022, treatment note indicating Plaintiff "states he is taking all

ORDER - 15

medications as prescribed and feels they are helping him."); Tr. 1211 (June 7, 2022, treatment note indicating Plaintiff is "overall doing much, much better" and "all reports are positive"). The ALJ thus reasonably relied on this ground to discount Plaintiff's testimony.

Second, the ALJ discounted Plaintiff's testimony as inconsistent with the objective medical evidence, to include mental status examinations. Tr. 28-29. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161 (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). The ALJ did not err and relied on substantial evidence—including, as discussed above, a series of mental status examinations and treatment notes—by discounting Plaintiff's testimony on this ground.

Because the ALJ gave at least two valid reasons for discounting Plaintiff's testimony, the Court need not address the balance of the ALJ's stated reasons for discounting Plaintiff's testimony. Any inclusion of erroneous reasons was inconsequential and therefore harmless. *See Carmickle*, 533 F.3d at 1162.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error.

ORDER - 16

Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Frank Bisignano as Defendant and update the docket sheet.

2. Plaintiff's Brief, **ECF No. 8**, is **DENIED**.

3. Defendant's Brief, **ECF No. 12**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED August 19, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 17